1  ROBERT W. THOMPSON, Esq. (SBN 106411)
   CHARLES S. RUSSELL, Esq. (SBN 233912)
2  BRYAN S. OWENS, Esq. (SBN 277909)
   **CALLAHAN, THOMPSON, SHERMAN**
3   **& CAUDILL, LLP**
   2601 Main Street, Suite 800
4  Irvine, California 92614
   Tel  :      (949) 261-2872
5  Fax  :      (949) 261-6060
   Email :      rthompson@ctsclaw.com
6              crussell@ctsclaw.com
               bowens@ctsclaw.com
7

8  Attorneys for Plaintiffs,
   **GEORGE BURRIS and SHERRY BURRIS, individually**
9  **and on behalf of other persons similarly situated**

10

11              **UNITED STATES DISTRICT COURT**

12              **CENTRAL DISTRICT OF CALIFORNIA**

13  GEORGE BURRIS and SHERRY        Case No.: CV14-2242 ABC-CW
    BURRIS, individually and on behalf of    JUDGE:
14  other persons similarly situated,        DEPARTMENT:
                                             COMPLAINT DATE:
15            Plaintiff,
                                             **CLASS ACTION COMPLAINT FOR**
16       vs.                                 **DAMAGES FOR:**
                                             1.  **BREACH OF CONTRACT;**
17  HSBC BANK USA, NATIONAL                  2.  **VIOLATION OF THE FAIR**
    ASSOCIATION; and CAPITAL ONE,                **CREDIT BILLING ACT;**
18  NATIONAL ASSOCIATION,                    3.  **VIOLATION OF THE**
                                                 **CALIFORNIA ROSENTHAL**
19                                               **FAIR DEBT COLLECTION**
              Defendant.                         **PRACTICES ACT; AND**
20                                           4.  **VIOLATION OF THE**
                                                 **CALIFORNIA UNFAIR**
21                                               **COMPETITION LAW**

22                                           **DEMAND FOR JURY TRIAL**

23       COMES NOW, Plaintiffs GEORGE BURRIS and SHERRY BURRIS,

24  individually and on behalf of other persons similarly situated, and allege as follows:

25  / / /

26  / / /

27  / / /

28  / / /

                              - 1 -
                            COMPLAINT

**JURISDICTION AND VENUE**

1.     This Court has subject matter jurisdiction pursuant to 15 U.S.C. § 1640(e) and 15 U.S.C. § 1692k(d) because Defendants HSBC BANK USA, NATIONAL ASSOCIATION and CAPITAL ONE, NATIONAL ASSOCIATION are alleged to have violated the Fair Credit Billing Act, 15 U.S.C. § 1601, *et seq.*

2.     This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 as the causes of action alleged herein arise out of federal law – specifically, the Fair Credit Billing Act, 15 U.S.C. § 1601, *et seq.* and involve a substantial question of federal law – namely, whether Defendants HSBC BANK USA, NATIONAL ASSOCIATION and CAPITAL ONE, NATIONAL ASSOCIATION violated the Fair Credit Billing Act.

3.     This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332(d) because upon information and belief there are at least 100 class members in each of the proposed classes, the combined claims of all class members exceeds Five Million Dollars ($5,000,000) exclusive of interests and costs, and Plaintiffs GEORGE BURRIS and SHERRY BURRIS are citizens of different states from Defendants HSBC BANK USA, NATIONAL ASSOCIATION and CAPITAL ONE, NATIONAL ASSOCIATION.

4.     This Court has personal jurisdiction over all causes of action asserted herein pursuant to the Due Process clause of the United States Constitution because Defendants, and each of them, have sufficient minimal contacts so as to render jurisdiction in California within the traditional notions of fair play and substantial justice.

5.     Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(2) because this is the District in which a substantial part of the events or omissions giving rise to the claim occurred.

/ / /

/ / /

COMPLAINT

**PARTIES**

6.     At all times relevant herein, Plaintiffs GEORGE BURRIS and SHERRY BURRIS (hereinafter collectively referred to as "Plaintiffs") were and are residents of the State of California, County of Los Angeles.

7.     Plaintiffs are informed and believe, and thereon allege, that Defendant HSBC BANK USA, NATIONAL ASSOCIATION is a corporation that is incorporated in the State of Delaware with its principal place of business in New York and conducts business within the jurisdiction of the Central District of California, State of California, pursuant to the authority of the California Secretary of State.  Defendant HSBC BANK, NATIONAL ASSOCIATION shall be referred to as "HSBC."

8.     Plaintiffs are informed and believe, and thereon allege, that Defendant CAPITAL ONE, NATIONAL ASSOCIATION is a corporation that is incorporated in the State of Virginia with its principal place of business in Virginia and conducts business within the jurisdiction of the Central District of California, State of California, pursuant to the authority of the California Secretary of State.  Defendant CAPITAL ONE, NATIONAL ASSOCIATION shall be referred to as "Capital One."

9.     Defendants HSBC and Capital One shall hereinafter collectively be referred to as "Defendants."

10.    At all times herein mentioned, all Defendants were co-conspirators, agents, servants, employees, successors, and/or joint ventures of each of the other Defendants and were acting within the scope of said conspiracy, agency, employment, and/or joint venture and with the permissions and consent of each of the other Defendants.

/ / /

/ / /

/ / /

- 3 -
COMPLAINT

## FACTUAL ALLEGATIONS

11.     In or around 2006, Plaintiffs entered into HSBC's written CARDMEMBER AGREEMENT AND DISCLOSURE STATEMENT and were issued an HSBC Platinum MasterCard, Account Number XXXX-XXXX-XXX9-6502 (hereinafter, the "Credit Card").  At all relevant times alleged herein, Plaintiffs have been the cardholders, called "CardMembers," of the Credit Card.

12.     Upon information and belief, at all relevant times alleged herein, HSBC's CARDMEMBER AGREEMENT AND DISCLOSURE STATEMENT as amended provides, "HOW WE APPLY PAYMENTS [¶] We apply your payment up to an including the Minimum Payment Due as we determine, and usually to lower APR balances before higher ones.  [¶]  **Any payment amount greater than the Minimum Payment Due is applied to higher APR balances before lower ones.**"

13.     At all relevant times alleged herein, the annual percentage rate (APR) on the Credit Card was nineteen point ninety-nine percent (19.99%) for purchases and ranged from twenty-one point seventy-four percent (21.74%) to twenty-eight point ninety-nine percent (28.99%) for cash advances.

14.     During the month of June 2011, Plaintiffs received an HSBC Platinum MasterCard Account Statement from Defendant HSBC concerning the Credit Card and reflecting that they owed a minimum payment of fifty-five dollars and no cents ($55.00) on or before July 2, 2011.

15.     On or about June 11, 2011, Plaintiffs withdrew seven hundred dollars and no cents ($700.00) using the cash advance feature of their Credit Card.

16.     On or about June 17, 2011, Plaintiffs paid to HSBC in regard to the Credit Card eight hundred and eighty dollars and no cents ($880.00).  HSBC's HSBC Platinum MasterCard Account Statement for the period of June 7, 2011 to July 8, 2011 reflects that the eight hundred and eight dollars and no cents ($880.00) was posted to the Plaintiffs' account on June 17, 2011.

/ / /

- 4 -
COMPLAINT

17.     From June 11, 2011 through the present, Plaintiffs have not withdrawn any further amounts as cash advances from the Credit Card.

18.     Starting with the HSBC Platinum MasterCard Account Statement for the period of June 7, 2011 to July 8, 2011 and continuing through the period of June 7, 2013 through July 8, 2013, each HSBC Platinum MasterCard Account Statement reflects an amount due and owing, along with interest at the cash advance APR, for the cash advance taken on June 11, 2011 and repaid on June 17, 2011.

19.     Plaintiffs contacted HSBC on several occasions in an attempt to have the bills corrected to properly reflect that the cash advance was paid on June 17, 2011, to correct and reapply the extra interest they were required to pay as a result of HSBC's billing error, and to ensure that future bills did not reflect principal or interest on the June 2011 cash advance.  Each time, HSBC employees indicated they would call back, but never did and never corrected the problem.  However, Plaintiffs continued to receive statements indicating that the cash advances were still owing and HSBC continued to collect upon the cash advances.

20.     Upon information and belief, in or around June or July of 2013, Capital One became Plaintiffs account holder on the Credit Card and was assigned HSBC's CARDMEMBER AGREEMENT AND DISCLOSURE STATEMENT.  Plaintiffs' first account statement showing Capital One as the holder of the Credit Card is for the period of July 9, 2013 to August 5, 2013 and shows that Capital One applied the terms of HSBC's CARDMEMBER AGREEMENT AND DISCLOSURE STATEMENT.

21.     Capital One has continued to wrongfully collect and charge Plaintiffs for principal and interest due on the cash advance from the account statement for the period of July 9, 2013 to August 5, 2013 through the present.

22.     Plaintiffs have contacted Capital One on several occasions in an attempt to have the bills corrected to properly reflect that the cash advance was paid on June 17, 2011.  Each time, Capital One employees and managers have indicated that there

1   is a problem, that they will call back, but have never called back or corrected the
2   problem.   However, Plaintiffs continued to receive statements indicating that the
3   cash advances were still owing and Capital One has continued to collect upon the
4   cash advances.

5   ## CLASS ACTION ALLEGATIONS

6   23.   Plaintiffs individually and on behalf of themselves and all persons
7   similarly situated and in the interest of the general public, seek class-wide relief,
8   pursuant to Federal Rules of Civil Procedure, Rule 23, for injuries resulting from the
9   patterns and practices of unlawful and deceptive conduct by Defendants.

10   24.   Plaintiffs seek to represent the following classes of persons:

11   a.   All persons in the United States during the period of March 24,
12   2010 through the present who held a HSBC or Capital One credit
13   card subject to the terms of a credit card agreement that provided
14   that payments in excess of the minimum monthly payment would
15   be credited to balances subject to higher annual percentage rates,
16   who made payments in excess of the minimum monthly payment,
17   and who did not have the excess payment credited first to reduce
18   the highest APR balance.  (United States Class)

19   b.   All California residents during the period of March 24, 2010
20   through the present who held a HSBC or Capital One credit card
21   subject to the terms of a credit card agreement that provided that
22   payments in excess of the minimum monthly payment would be
23   credited to balances subject to higher annual percentage rates,
24   who made payments in excess of the minimum monthly payment,
25   and who did not have the excess payment credited first to reduce
26   the highest APR balance.  (California Class)

27   / / /
28   / / /

25.     Plaintiffs are informed and believe and thereon allege that the persons in each of the classes are so numerous that joinder is impracticable and that the disposition of their claims as a class will benefit parties and the Court.   Upon information and belief there are in excess of 100 cardholders who have been affected by HSBC's and Capital One's conduct.

26.     Plaintiffs are informed and believe and thereon allege that notice to the Classes is possible because the class members in each Class can be noticed through HSBC's and Capital One's billing statements, by direct mail from addresses already in the possession, custody, and control of HSBC and Capital One, and/or by advertisements.

27.     There are common questions of law involving and affecting the Classes to be represented in that Defendants, on a class-wide basis, violated similar laws and contracts as to all members of the Classes.

28.     There are common questions of fact involving and affecting the Class members to be represented in that Defendants implemented a common plan or scheme whereby they did not properly credit payments made in excess of the minimum payments to balances with the highest APR, contrary to their agreements and statute, and then wrongfully collected principal and interest on the wrongful balances.

29.     Plaintiffs' claims are typical of those claims which could be alleged by any member of the Classes and the relief sought is typical of the relief which would be sought by each of the members of the Classes in separate actions.

30.     Plaintiffs and their attorneys are adequate to represent and protect the interests of all members of the Classes.

31.     The prosecution of separate actions by individual members of the Classes would create a risk of inconsistent and/or varying adjudications with respect to the individual members of the Classes, establishing incompatible standards of conduct for Defendants and resulting in the impairment of the rights of members of

- 7 -

1  the Classes and the disposition of their interests through actions to which they were
2  not parties.

3      32.   A single class action is superior to numerous individual actions as a
4  means of adjudicating these claims.  The claims of each individual are relatively
5  small, making adjudication of individual claims cost prohibitive.

6      33.   The case is manageable for, among other reasons, the issue that will
7  predominate this action is whether Defendants failed to credit payments in excess of
8  the minimum payments to balances with the highest APR in violation of their
9  agreements and statute, and then wrongfully collected principal and interest on the
10  wrongful balances.

**FIRST CAUSE OF ACTION**

**BREACH OF CONTRACT**

(By All Plaintiffs, Individually and on Behalf of the United States and California

Classes Against Defendants)

15      34.   Plaintiffs, individually and on behalf of the United States and California
16  Classes, hereby restate, re-allege, and incorporate by reference the allegations
17  contained in the preceding paragraphs as though fully set forth herein.

18      35.   Plaintiffs and the putative class members from the United States and
19  California Classes entered into valid and enforceable written agreements with
20  Defendants that provided that payments in excess of the minimum monthly payment
21  would be credited to balances subject to higher annual percentage rates.
22  Specifically, Plaintiffs entered into HSBC's CARDMEMBER AGREEMENT AND
23  DISCLOSURE STATEMENT that provides, "HOW WE APPLY PAYMENTS [¶]
24  We apply your payment up to an including the Minimum Payment Due as we
25  determine, and usually to lower APR balances before higher ones.  [¶]  **Any**
26  **payment amount greater than the Minimum Payment Due is applied to higher**
27  **APR balances before lower ones."**

28  / / /

36.     Within the past four years, and for Plaintiffs on or about June 17, 2011, Defendant HSBC, and upon receipt of the account Defendant Capital One, breached their agreements by failing to property apply a payment in excess of the minimum balance to reduce the principal owed on Plaintiffs' and the Classes' higher APR balances.

37.     Plaintiffs and the putative class members from the United States and California Classes performed all of the duties and conditions of their agreements with Defendants, triggering Defendants' obligation to properly apply their payments to their highest APR balances.

38.     Plaintiffs put Defendants on notice of the misapplication of their excess payment by making several telephone calls and speaking with management, but Defendants never returned Plaintiffs' calls and never corrected the problem.

39.     As a direct and proximate result of Defendants' breach, Plaintiffs and the United States and California Classes have been damaged by paying additional interest in amounts to be proven at the time of trial.

40.     Upon information and belief, each and every agreement contains a provision allowing for the collection of attorneys' fees costs.  By way of this Complaint, Plaintiffs, both individually and on behalf of the Classes, seek to enforce the attorneys' fees and costs provisions.

## SECOND CAUSE OF ACTION

## VIOLATIONS OF THE FAIR CREDIT BILLING ACT

(By All Plaintiffs, Individually and on Behalf of the United States, and California Classes Against Defendants)

41.     Plaintiffs, individually and on behalf of the United States and California Classes, hereby restate, re-allege, and incorporate by reference the allegations contained in the preceding paragraphs as though fully set forth herein.

/ / /

/ / /

42.     Plaintiffs and the members of the United States, and California Classes are "persons" as defined by the Fair Credit Billing Act (15 U.S.C. § 1602(e)) because they are either natural persons or organizations.

43.     The accounts at issue herein concern "credit cards" as defined by the Fair Credit Billing Action (15 U.S.C. § 1602(l)) because there was issued to each class member a card, plate, coupon book, or other credit device for the purpose of obtaining money, property, labor, or services on credit.

44.     Plaintiffs and the members of the United States and California Classes are "cardholders" as defined by the Fair Credit Billing Act (15 U.S.C. § 1602(n)) because they are either persons to whom a credit card was issued or persons who agreed to pay obligations arising from the issuance of a credit card to another person.

45.     Defendants, and each of them, are "card issuers" as defined by the Fair Credit Billing Act (15 U.S.C. § 1602(o)) because they are either the persons who issue credit cards or the agents of such persons.

46.     None of the transactions at issue are exempted by the provision of the Fair Credit Billing Act, specifically 15 U.S.C. § 1603.

47.     The Fair Credit Billing Act (15 U.S.C. § 1666c(b)(1)) provides,

> Upon receipt of a payment from a cardholder, the card issuer shall apply amounts in excess of the minimum payment amount first to the credit balance bearing the highest rate of interest, and then to each successive balance bearing the next highest rate of interest, until the payment is exhausted.

48.     During the class periods, Plaintiffs and the members of the United States and California Classes made payments in excess of their minimum payment amounts.

49.     Defendants, and each of them, failed to properly apply the Plaintiffs' and the class members of the United States and California Classes' excess payments first to the balance bearing the highest rate of interest.

- 10 -

COMPLAINT

1   50.   Such conduct is also a violation of 15 U.S.C. § 1666(b)(4), (b)(5), and
2   12 C.F.R. §§ 226.10 and 226.13.

3   51.   As a direct and proximate result of Defendants' violation of the Fair
4   Credit Billing Act, Plaintiffs and the United States and California Classes have
5   suffered actual damages, in the form of paying additional interest, in amounts to be
6   proven at the time of trial.  Further, pursuant to 15 U.S.C. § 1640(a)(2), the Court is
7   authorized to allow an amount up to the lesser of $1,000,000 or 1% of the net worth
8   of each of the Defendants.

9   52.   Further, Plaintiffs and the United States and California Classes are
10   entitled to costs and reasonable attorneys' fees.  15 U.S.C. § 1640(a)(3).

## THIRD CAUSE OF ACTION

## VIOLATION OF THE CALIFORNIA ROSENTHAL FAIR DEBT

## COLLECTION PRACTICES ACT

## (CALIFORNIA CIVIL CODE § 1788, *ET SEQ.*)

(By All Plaintiffs, Individually and on Behalf of the California Class Against

Defendants)

17   53.   Plaintiffs, individually and on behalf of the California Class, hereby
18   restate, re-allege, and incorporate by reference the allegations contained in the
19   preceding paragraphs as though fully set forth herein.

20   54.   At all relevant times alleged herein, Defendants, and each of them,
21   engaged in "debt collection" with Plaintiffs and the California Class as defined by
22   California Civil Code, Section 1788.2(b) because they engaged in acts or practices in
23   connection with the collection of consumer debts.

24   55.   At all relevant times alleged herein, Defendants, and each of them, were
25   "debt collectors" as defined by California Civil Code, Section 1788.2(c) because
26   they are persons who, in the ordinary course of business, regularly engage in debt
27   collection.

28   / / /

- 11 -

COMPLAINT

56.     Plaintiffs and the members of the California Class had "consumer debt" as defined by California Civil Code, Section 1788.2(e) and (f) because they owed money, property or their equivalent as a result of a consumer credit transaction.

57.     By engaging in the above-described conduct, Defendants, and each of them, violated the Rosenthal Fair Debt Collection Practices Act (California Civil Code, Section 1788.17) by engaging in acts including, but not limited to:

      a.    Falsely representing the character and amount of any debt (15 U.S.C. § 1692e(2)(A));

      b.    Communicating or threatening to communicate to any person credit information which is known or which should be known to be false (15 U.S.C. § 1692e(8));

      c.    The use of any false representation or deceptive means to collect or attempt to collect any debt (15 U.S.C. § 1692e(10));

      d.    Using an unfair or unconscionable means to collect or attempt to collect a debt (15 U.S.C. § 1692f); and

      e.    The collection of any amount unless such amount is expressly authorized by the agreement creating the debt or permitted by law (15 U.S.C. § 1692f(1)).

58.     As a direct and proximate result of Defendants' violation of the California Rosenthal Fair Debt Collection Practices Act, Plaintiffs and the California Classe have suffered actual damages in the form of paying additional interest in amounts to be proven at the time of trial.     Further, pursuant to 15 U.S.C. § 1692k(a)(2), the Court is authorized to award an amount up $1,000 to the named class members and an amount up to $500,000 or 1% of the Defendants' net worth to the members of the Classes.   California Civil Code, Section 1788.17.

59.     Further, Plaintiffs and the California Class are entitled to costs and reasonable attorneys' fees. 15 U.S.C. § 1692k(a)(3); Califorina Civil Code, Section 1788.30(c).

- 12 -

**FOURTH CAUSE OF ACTION**

**VIOLATION OF THE CALIFORNIA UNFAIR COMPETITION LAW**

**(CALIFORNIA BUSINESS & PROFESSIONS CODE § 17200, *ET SEQ.*)**

(By all Plaintiffs and the California Class Against All Defendants)

60.     Plaintiffs, individually and on behalf of the California Class, hereby restate, re-allege, and incorporate by reference the allegations contained in the preceding paragraphs as though fully set forth herein.

61.     The California Unfair Competition Law (hereinafter, "UCL") defines unfair business competition to include any "unfair," "unlawful," or "fraudulent" business act or practice.  California Bus. & Prof. Code, §§ 17200, *et seq.*  The UCL also provides for injunctive relief and restitution for violations.

62.     Defendants, and each of them, have engaged in unlawful, unfair, and/or fraudulent business acts and practices as set forth above.

63.     Defendants' conduct constitutes unfair business acts and practices because Defendants' practices as described herein have deceived and/or were likely to deceive Plaintiffs and the California Class, and other members of the consuming public.  Defendants' practices of failing to properly credit payments in excess of the minimum payment to the highest APR and then collecting on the wrongful amounts have cause and are likely to cause substantial injury to Plaintiffs and the California Class.

64.     The injury to Plaintiffs and the California Class greatly outweighs any alleged countervailing benefit to consumers or competition under all of the circumstances.  Specifically, Defendants' acts and practices include the collection of credit card debt while failing to properly apply payments in excess of the minimum payment to balances with the highest APR.  The injury constitutes substantial injury as the Class is required to pay interest at higher rates on balances wherein the principal should have been reduced.  There is no benefit to the consumers by allowing Defendants to knowingly misapply payments in excess of the minimum

- 13 -

payment and then collect on the wrongful amounts.  Such conduct is ongoing and continues to this date.

65.    Further, Defendants' acts and practices are unlawful because they violate or violated the Fair Credit Billing Act, the California Rosenthal Fair Debt Collection Practices Act, and/or the Truth in Lending Act.

66.    Defendants' acts and practices are fraudulent in that they knowingly collected on and misapplied payments in excess of the minimum payment, even after being informed of the error repeatedly, causing Plaintiffs and the California Class to incur greater interest than they were legally required to pay.

67.    Plaintiffs and the California Class relied to their detriment upon Defendants' unfair, unlawful, and fraudulent business acts and practices.

68.    Plaintiffs and the California Class have suffered injury in fact and have lost money as a result of Defendants' misapplication of payments in excess of the minimum payment in that they have incurred and/or paid interest in a greater amount than they were required to pay under the law and their agreements.

69.    Plaintiffs and the California Class seek an order of this Court awarding restitution, injunctive relief, and all other relief allowed under Section 17200, *et seq.*, plus interest, attorneys' fees and costs under California Code of Civil Procedure section 1021.5.

**WHEREFORE**, Plaintiffs, the United States Class, and the California Class pray for judgment against Defendants, and each of them, as follows:

1. For compensatory damages in an amount to be proven at the time of trial;

2. For incidental damages in an amount to be proven at the time of trial;

3. For restitution in an amount to be proven at the time of trial;

4. For an order enjoining Defendants from engaging in the wrongful misapplication of payments made in excess of the minimum payment;

5. For the penalties allowed by the Fair Credit Billing Act;

1     6. For the penalties allowed by the California Rosenthal Fair Debt

2        Collection Practices Act and the Fair Debt Collection Practices Act;

3     7. For reasonable attorneys' fees;

4     8. For costs of suit;

5     9. For pre-judgment interest;

6     10. For post-judgment interest; and

7     11. For any other relief the Court deems just and proper.

8

9              **<u>DEMAND FOR JURY TRIAL</u>**

10    Plaintiffs demand a jury trial as to all matters triable by a jury.

11

12  DATED: March 24, 2014        **CALLAHAN, THOMPSON, SHERMAN**

13                        **& CAUDILL, LLP**

14               By

15                        ROBERT W. THOMPSON

16                        CHARLES S. RUSSELL

BRYAN S. OWENS

Attorneys for Plaintiffs,

**GEORGE BURRIS and SHERRIE**

17                        **BURRIS, individually and on behalf**

**of other persons similarly situated**

18

19

20

21

22

23

24

25

26

27

28

COMPLAINT